# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA HOLLAND,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0173** (BOR Appeal No. 2049722)
                    (Claim No. 2013022347)

**MANPOWER OF WEST VIRGINIA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua Holland, by Cathy L. Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Manpower of West Virginia, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2015, in which the Board affirmed an August 25, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 7, 2013, and November 6, 2013, decisions which respectively denied authorization for physical therapy as well as work conditioning and closed the claim for temporary total disability benefits. The Office of Judges also modified a second November 7, 2013, claims administrator decision, which denied authorization for further treatment, physical therapy, and work conditioning, to provide for affirming only the denial of physical therapy and work conditioning as a blanket denial of treatment was not appropriate. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Holland worked as a production plant worker at Toyota Motor Manufacturing of West Virginia for Manpower of West Virginia. On February 20, 2013, Mr. Holland suffered an injury to his left ankle and leg when he was pinned between two pieces of equipment. Mr.

1

Holland immediately filed an application for workers' compensation benefits. The physician's section of his application was filled out by Kara Carpenter, PA-C, who found that Mr. Holland had a left ankle sprain. On the date of the injury, Mr. Holland had an x-ray taken of his ankle, which was negative for an acute abnormality. Two months later, an MRI was taken of Mr. Holland's left ankle, which also revealed no acute abnormality. Following this MRI, the claims administrator held the claim compensable for a left ankle sprain and contusion. The claims administrator also granted Mr. Holland temporary total disability benefits from February 27, 2013, through April 23, 2013. The claims administrator subsequently granted Mr. Holland additional temporary total disability benefits from April 24, 2013, through July 2, 2013.

Mr. Holland then was treated by a podiatric specialist, Kevin B. Brown, DPM. Dr. Brown also assessed Mr. Holland for reflex sympathetic dystrophy of the left ankle. He recommended that Mr. Holland receive physical therapy four times per week for eight weeks. An electromyography and nerve conduction study taken at this time was normal. The claims administrator held the claim compensable for a left ankle sprain, a left ankle contusion, and reflex sympathetic dystrophy. It also granted Mr. Holland temporary total disability benefits from July 3, 2013, through September 24, 2013.

Jerry W. Scott, M.D., performed an independent medical evaluation of Mr. Holland. He found that Mr. Holland's ankle healed excellently but that his response to treatment had plateaued. Dr. Scott noted that there were no objective signs to support Mr. Holland's subjective complaints. Dr. Scott also found that there was no evidence indicating that Mr. Holland could not return to his pre-injury employment. However, Dr. Brown issued a report immediately following Dr. Scott's evaluation in which he found that Mr. Holland was unable to return to work until December 12, 2013. The claims administrator then granted authorization for physical therapy and work conditioning. However, several days later, on November 6, 2013, the claims administrator closed Mr. Holland's claim for temporary total disability benefits. The next day, Dr. Scott issued an addendum to his report. He found that Mr. Holland had received extensive physical therapy with little improvement. He also believed that work conditioning would not significantly affect Mr. Holland's condition. The same day, November 7, 2013, the claims administrator revoked its prior decision granting authorization for physical therapy and work conditioning. The claims administrator also issued a separate decision on November 7, 2013, denying authorization for further treatment, including physical therapy and work conditioning, based on Dr. Scott's evaluation.

Nevertheless, Mr. Holland continued to receive treatment from Dr. Brown who found that his ankle symptoms had grown worse. Dr. Brown believed that Mr. Holland had suffered a flare-up of reflex sympathetic dystrophy. He recommended that Mr. Holland receive additional physical therapy and be granted temporary total disability benefits until January 14, 2014. Despite Dr. Brown's assessment, Manpower of West Virginia contacted Mr. Holland and offered him a job with restricted work duties. The employment opportunity was scheduled to begin on December 16, 2013, but Mr. Holland refused the offer because Dr. Brown had not released him to return to work. A month later, Dr. Brown treated Mr. Holland again and stated that he was unable to return to work until March 4, 2014.

Bill Hennessey, M.D., also performed an independent medical evaluation of Mr. Holland. He found that Mr. Holland had reached his maximum degree of medical improvement with respect to his left ankle sprain and contusion. Dr. Hennessey believed that Mr. Holland did not have reflex sympathetic dystrophy because all the imaging and electrodiagnostic findings were normal. He also recommended against authorizing any additional treatment including physical therapy and work conditioning. He found that Mr. Holland had no physical limitations that would prevent him from returning to his pre-injury employment. Based on Dr. Hennessey's evaluation, the claims administrator revoked the previously accepted diagnosis of reflex sympathetic dystrophy.[1] On August 25, 2014, the Office of Judges affirmed the claims administrator's November 6, 2013, decision and both November 7, 2013, decisions insofar as they closed the claim for temporary total disability benefits and revoked authorization for physical therapy and work conditioning. The Office of Judges also modified the claims administrator's November 7, 2013, decision insofar as it implied a blanket denial of future medical benefits and directed the claims administrator to issue protestable decisions on each request for treatment.[2] The Board of Review affirmed the Order of the Office of Judges on January 23, 2015, leading Mr. Holland to appeal.

The Office of Judges concluded that the claim was appropriately closed for temporary total disability benefits and that the requested physical therapy and work conditioning were appropriately denied because they were not medically related and reasonably required to treat the compensable left ankle sprain and contusion. The Office of Judges based this conclusion on the evaluation of Dr. Scott and Dr. Hennessey, who both found that Mr. Holland had reached his maximum degree of medical improvement. The Office of Judges also found that both evaluations supported denying authorization for the requested physical therapy and work conditioning. It determined that the only compensable conditions of the claim were an ankle sprain and contusion and that the requested treatments were not related to those conditions. Instead, the Office of Judges found that Dr. Brown's request for physical therapy and work conditioning was related to the previously revoked, non-compensable diagnosis of reflex sympathetic dystrophy. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Holland has not presented sufficient evidence that he is entitled to any additional temporary total disability benefits beyond November 6, 2013, when his claim was closed. The evidence in the record shows that Mr. Holland received several weeks of temporary total disability benefits following the date of the injury but that Dr. Scott found that he had reached his maximum degree of medical improvement. Dr. Scott's finding is supported by the evaluation of Dr. Hennessey and by the diagnostic evidence in the record, which revealed no objective indication of ongoing physical ailments related to the compensable injury. The Office of Judges was within its discretion in relying on Dr. Scott's and Dr. Hennessey's opinions. Mr. Holland has

---

[1] The claims administrator's May 28, 2014, decision revoking the previously accepted diagnosis of reflex sympathetic dystrophy as a compensable condition of the claim was not submitted into the record before the Office of Judges. We have taken judicial notice of this revocation under Rule 201(b) of the West Virginia Rules of Evidence because it is "not subject to reasonable dispute" and "can be accurately and readily determined" on the face of the claims administrator's decision.

[2] Mr. Holland has not protested this part of the Office of Judges' Order.

also not demonstrated that the requested physical therapy and work conditioning are medically related and reasonably required to treat his compensable injury. The only compensable conditions of the claim are an ankle sprain and contusion. Although the claim was initially held compensable for reflex sympathetic dystrophy in addition to an ankle sprain and contusion, the claims administrator corrected this earlier decision and revoked the addition of reflex sympathetic dystrophy. The claims administrator's rejection of this diagnosis was consistent with its jurisdiction under West Virginia Code § 23-5-1(e) (2009) which permits the claims administrator to correct or set aside an erroneous or defective decision within two years of the date it was issued. The corrected decision was made within that statutory period, and there is no evidence in the record that Mr. Holland appealed the corrected decision. Because the evidence in the record, including the treatment notes of Dr. Brown, indicate that the requested physical therapy and work conditioning were related to the non-compensable reflex sympathetic dystrophy, the Office of Judges properly determined that the requested treatments should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II